# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| YVONNE V. AUSTIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-269-DGK-SSA |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## ORDER REMANDING FOR FURTHER PROCEEDINGS

This action seeks judicial review of the Commissioner of Social Security's decision denying Plaintiff Yvonne V. Austin's applications for Social Security benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Plaintiff alleges that she became disabled on April 14, 2010 and is therefore unable to engage in substantial gainful employment as a matter of law. Because it is clear from the decision of the administrative law judge ("ALJ") that he misunderstood testimony relating to Plaintiff's residual functional capacity ("RFC") and that this misunderstanding was outcome-determinative, the Court REMANDS this case to the Commissioner for further proceedings.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**Standard of Review**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

## Analysis

Plaintiff argues: (1) the ALJ erred by failing to consider all of the evidence, including third-party observations and information; and (2) the ALJ's RFC determination is not supported by substantial evidence. Because the Court remands on Plaintiff's second point, it need not entertain her first argument.

Plaintiff contends that the ALJ defined an RFC in the exertional category of "light work" without describing how the evidence supports each conclusion. In particular, the ALJ did not address an apparent conflict between the definition of "light work" and the testimony of the medical expert, Dr. Mason.

An ALJ must base his RFC determination on all evidence of record. *Pearsall v. Massanari*, 274 F.3d 1211, 1217–18 (8th Cir. 2001). An RFC determination must include "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184 (July 2, 1996). Although an RFC is a medical determination, in making this determination the ALJ must rely on all of the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).

Two exertional categories are relevant here. "Light work" encompasses the ability to stand or walk, off and on, for approximately six hours of an eight-hour workday. SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). "Sedentary work," in contrast, only requires walking or standing for about two hours of an eight-hour workday. *Id.* at *5.

Here, the ALJ formulated an RFC category of "light work" for Plaintiff. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b). The ALJ's decision noted that Dr. Mason testified that Plaintiff

3

could handle six hours of standing or walking per eight-hour workday. Dr. Mason, however, testified that Plaintiff could stand or walk only for about two hours per workday.

The issue then is whether other evidence in the record supports the ALJ's conclusion that Plaintiff can stand or walk for six hours and thus perform "light work." The only evidence supporting this conclusion is a report from August 3, 2006, by a state agency medical consultant identified as M. Hunter. This report claims that Plaintiff can stand or walk for at least six hours per workday. Because Hunter wrote this report three and a half years before Plaintiff's onset date and five and a half years before Dr. Mason testified otherwise at Plaintiff's hearing, the Court rules the existing record does not support the ALJ's finding that Plaintiff could engage in light work. Because this finding is outcome-determinative—that is, if Plaintiff could not perform light work then she might be disabled under the regulations—the Court cannot conclude that the ALJ's finding on this ground is reasonable. The Court must remand to allow the ALJ an opportunity to clarify Plaintiff's RFC.

## Conclusion

For the foregoing reasons, it is ordered that this case is REMANDED for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date: May 6, 2014            /s/ Greg Kays
                                                       GREG KAYS, CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT